UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BISI, et al.,<br><br>            Plaintiffs,<br><br>       v.<br><br>CHASE AUTO J.P. MORGAN CHASE BANK, N.A.,<br><br>            Defendant. | Case No. 2:23-CV-02508-KJM-CSK (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION TO DISMISS BE GRANTED<br><br>(ECF No. 6.) |

Plaintiffs Gregory J. Bisi and Laurie D. Bisi are proceeding in this action pro se. (ECF No. 1.)[1] Pending before the Court is Defendant JPMorgan Chase Bank, N.A.'s[2] motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). (ECF No. 6.) For the reasons stated below, the undersigned recommends that Defendant's motion to dismiss be granted, but that Plaintiffs be given leave to amend. Plaintiffs' motion to set date (ECF No. 15) is also addressed below.

**I.   BACKGROUND**

On September 15, 2023, Plaintiffs filed a prior action against Chase Bank, N.A. and Land Rover Financial Group. *Bisi v. Chase Bank, N.A.*, 2:23-cv-01994-TLN-CSK

---

[1] This matter was referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).
[2] In Defendant's motion to dismiss, Defendant states that it was erroneously sued as "Chase Auto J.P. Morgan Chase Bank, N.A." Def. Mot. at 9.

1

(E.D. Cal.) ("*Bisi I*"). On December 1, 2023, Plaintiffs filed a Notice of Voluntary Dismissal of this action, and the *Bisi I* case was subsequently closed. (ECF Nos. 24.)

Plaintiffs commenced this action ("*Bisi II*") on October 31, 2023, naming Defendant JP Morgan Chase Bank only. *See* Compl. (ECF No. 1). Plaintiffs allege that they entered into a loan agreement for the purchase of Plaintiffs' vehicle with Land Rover on February 4, 2021. Compl. at 4. Plaintiffs further allege that on August 30, 2023, "Defendant(s) agent, Accurate Adjustments, Inc., entered Plaintiff's private property and seized the automobile associated with the alleged loan." *Id*. at 5. Plaintiffs allege they "discovered that Land Rover sold" the loan to Chase Bank, N.A., who subsequently sold it to Chase Trust. *Id.* Plaintiffs allege that once the loan was sold to Chase Trust, Defendant was not entitled to "effectuate a repossession, and/or sale of Plaintiff's property" and accordingly do not have "standing to exercise any right of action over Plaintiff's property". *Id*. at 7. Plaintiffs allege the loan continues to remain with Chase Trust. Plaintiffs further allege "Defendant(s) did not fulfill the contractual obligation of loaning Plaintiff money," Defendant "illegally loaned its credit," and Plaintiffs "never received full disclosure of material facts regarding any loan." *Id*. at 10-14. Plaintiffs' complaint does not allege any specific cause of action. *See generally id*.

## II. DISCUSSION

Defendant JPMorgan Chase Bank moves to dismiss the complaint on the grounds that service of process was insufficient, and that the complaint fails to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).[3] Def Mot. at 2, 11-19. Defendant also moves to strike the affidavits of William McCaffrey and Joseph Esquivel Jr. attached to the complaint pursuant to Federal Rule of Civil Procedure 12(f). Def Mot. at 11-13. Prior to addressing Defendant's grounds for dismissal, the Court first addresses Defendant's motion to strike and also *sua sponte*, as

---

[3] Defendant is also moving, in the alternative, for a more definite statement pursuant to Fed. R. Civ. Proc 12(e). *Id*. at 21. Because the undersigned is recommending the complaint be dismissed with leave to amend, the Court declines to address Defendant's alternative Rule 12(e) request as unnecessary.

2

required, addresses whether the Court has subject matter jurisdiction to hear this case.

A.      **Motion to Strike**

Defendant moves to strike the affidavits of William McCaffrey and Joseph Esquivel Jr. attached to Plaintiffs' complaint as immaterial and impertinent pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Def Mot. at 19-21.

Rule 12(f) grants the authority to the district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). Under Rule 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. Proc. 10(c). The Ninth Circuit has held that "affidavits and declaration…are not allowed as pleading exhibits unless they form the basis of the complaint." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Courts have granted motions to strike exhibits attached to complaints when those exhibits do not qualify as 'written instruments' under Rule 10(c). *Montgomery v. Buege*, 2009 WL 1034518, at *3 (E.D. Cal. Apr. 16, 2009) (citing *DeMarco v. DepoTech Corp.*, 149 F.Supp.2d 121, 222 (S.D. Cal. January 26, 2001) (granting motion to strike expert affidavit attached to the complaint in a securities fraud action because affidavit did not qualify as a written instrument within the meaning of Rule 10(c)); *Galvan v. Yates*, 2006 WL 1495261, at *4 (E.D. Cal. May 24, 2006) (granting motion to strike witness declarations attached to the second amended complaint used to substantiate Plaintiff's allegations because declarations did not qualify as Rule 10(c) written instruments).

Here, Plaintiffs have attached an affidavit of William McCaffrey, who has over 30 years of experience in the banking industry. Compl. at 19. Mr. McCaffrey provides expert testimony regarding the location of the loan at issue and to which companies the loan has allegedly been sold to. *Id*. Defendant moves to strike Mr. McCaffrey's affidavit because it is being offered as an expert opinion to support Plaintiffs' allegations and are immaterial and impertinent to the complaint. (ECF No. 6 at 20.) The Court agrees. The McCaffrey affidavit does not qualify as a written instrument pursuant to Rule 10(c)

3

because it does not form the basis of the complaint. *See Ritchie*, 342 F.3d at 908; *Montgomery*, 2009 WL 1034518 at *3; *Galvan*, 2006 WL 1495261 at *4. The affidavit is from a retained expert to assess and bolster Plaintiffs' allegations that Defendant does not hold the loan at issue. Accordingly, Mr. McCaffrey's affidavit is appropriately stricken because it does not form the basis of the complaint. *See* Fed. R. Civ. P. 10(c), 12(f).

The affidavit of Jospeh Esquivel equally fails to qualify as a written instrument because it relates to a mortgage loan that is not at issue in the complaint. *See* Compl. Moreover, the Court notes that Mr. Esquivel's affidavit "in support of Mortgage Compliance Investigations Chain of Title Analysis & Mortgage Fraud Investigations" has also been found by several other courts to be replete with misstatements of fact and applicable law. *See McKenzie v. M&T Bank*, 2018 WL 4384164, at *2 n.4 (D. Md. Sept. 14, 2018) (citing *Weeks v. Bank of Am., N.A.*, 2014 WL 345633, at *3 (Tex. App. Jan. 30, 2014); *Leif v. Umpqua Bank*, 2017 WL 1758094, at *2 n.2 (D. Or. Feb. 15, 2017); *Harms v. Bank of New York Mellon*, 2017 WL 6049402, at *4 (N.D. Cal. Apr. 5, 2017); *Kashef v. Wells Fargo Bank N.A.*, 2017 WL 6387756, at *2 (N.D. Cal. Dec. 14, 2017) ("There is no foundation for Esquivel's statements in the chain of title, and the Court does not credit them."); *Fed. Nat'l Mortg. Ass'n v. Harris*, 2012 WL 13013000, at *3 n.3 (N.D. Ga. Aug. 13, 2012) ("Mr. Esquivel's affidavit is replete with erroneous statements of law and is wholly unhelpful to a resolution of the case let alone to be admitted as any expert opinion.")). Because Mr. Esquivel's affidavit is not relevant to the complaint's allegations, the affidavit is stricken. Therefore, the Court grants Defendant's motion to strike the affidavits of Mr. McCaffrey and Mr. Esquivel.

**B.**     **Lack of Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546

(1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

      Facially, Plaintiffs' complaint fails to allege facts that establish subject matter jurisdiction. The complaint does not allege any specific causes of action or raise a cause of action derived from federal law. *See generally* Compl. Instead, the complaint appears to raise state law claims relating to breach of contract and fraud. *See* Compl. at 2, 13 ("Defendant(s) did not fulfill the contractual obligation of loaning Plaintiff money" and "Plaintiff was unlawfully induced to sign"). The complaint does not allege that the matter in controversary exceeds $75,000 and does not allege that the suit is between two diverse citizens of different states. Even assuming that diversity of citizenship could be inferred, the complaint does not contain sufficient allegations regarding the amount in controversy. Under Rule 8(a)(1) of the Federal Rules of Civil Procedure, "a pleading must contain a 'short and plain statement of the grounds for the court's jurisdiction[.]" *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). The *Bisi II* complaint alleges a loan with Land Rover in February 2021 for a car, but does not include sufficient allegations regarding the amount in controversy. *See* Compl. at 2. Even in its "prayer for relief," the complaint fails to allege any information regarding the alleged damages or amount in controversy. *See id*. at 15; *see also McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case"); *Bautista v. Pan Am. World*

*Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) ("The essential elements of diversity jurisdiction […] must be affirmatively alleged in the pleadings."). Because it is unclear whether this deficiency can be cured and given their pro se status, Plaintiffs will be granted an opportunity to amend their complaint to address this deficiency, if Plaintiffs can. By providing leave to amend, the Court does not suggest that this deficiency can be cured.

**C.      Insufficient Service of Process**

Defendant seeks dismissal for insufficient service of process, which Plaintiffs do not address in their opposition, apparently conceding the issue. *See* Pls. Opp. (ECF No. 12). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Pub. Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946). Federal courts do not have jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure 4. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Rule 4 governs service of process for all suits in federal court and likewise governs the sufficiency of service of process. *See generally* Fed. R. Civ. Proc. 4. Rule 4(c)(1) requires that "[a] summons must be served with a copy of the complaint." The United States Supreme Court has recognized that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Although courts have also held that Rule 4 is flexible and should be liberally construed if a party receives sufficient notice of the complaint and the defects in service are minor, *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984), absent substantial compliance with the requirements of Rule 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Rule 4(m) of the Federal Rules of Civil Procedure states, in relevant part, that "[i]f a defendant is not

6

served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

A motion to dismiss under Rule 12(b)(5) for insufficient service of process "is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "If the plaintiff is unable to satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process." S*tevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

Defendant seeks dismissal for insufficient service of process for multiple defects.[4] Def. Mot. at 11. Defendant argues that the means of service by overnight mail was improper, the proof of service was defective on its face because it failed to identify the person and the documents served, and was improperly served by Plaintiff Laurie D. Bisi, who is a party to this action. *Id*.

Rule 4 sets forth the requirements for the manner of service. Rule 4(c)(1) requires that "[a] summons must be served with a copy of the complaint." Rule 4(h) also provides that a corporation or other unincorporated association may be served either in the manner prescribed for serving an individual, *see* Rule 4(e)(1), or by delivering a copy of the summons and complaint to an agent authorized to receive service. Fed. R. Civ. P. 4(h). An individual may be served by personally delivering a copy of the summons and a complaint, leaving a copy of each at the individual's usual place of abode, or delivering a copy of each to an agent authorized to receive service. Fed. R. Civ. P. 4(e)(2). In addition to the foregoing, Rule 4 provides "[a]ny person who is at least 18 years old and

---

[4] Defendant does not, however, suggest that it did not receive the complaint and does not clearly address whether it did in fact receive the summons. *See* Def. Mot. at 3-4. The Court generally looks with disfavor upon motions to dismiss for defective service when the defendant did actually timely receive the complaint and summons.

*not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Once the adequacy of service is challenged, the plaintiff bears the burden of establishing that service was valid. *Brockmeyer*, 383 F.3d at 801.

Here, on November 2, 2023, Plaintiffs filed their proof of service with the Court indicating Defendant had been served. Plaintiff Laurie D. Bisi filled out the proof of service indicating it was served by "priority overnight" on October 31, 2023 and an envelope was placed in the U.S. Mail. (ECF No. 5.) Plaintiff Laurie D. Bisi did not identify the documents attached and only indicated she served a copy of the attached "case # 2:23-cv-02508-KJM-JDP." *Id*. Plaintiff Laurie D. Bisi also indicated she served the Defendant at "Chase Auto, JP Morgan Chase Bank, N.A. 700 Kansas Lane, Mail Code LA4-4025[,] Monroe, LA 71203." *Id.* Plaintiff Laurie D. Bisi also signed the signature line as the "person completing service." *Id.* In their opposition, Plaintiffs do not address whether service is valid, apparently conceding that service was defective. *See* Pls. Opp.

Plaintiffs have failed to comply with Rule 4. *See* Fed. R. Civ. P. 4(c), 4(e). Failure to serve a summons together with the complaint renders service of process ineffective. *Omni Capital*, 484 U.S. at 104. In addition, Plaintiffs failed to comply with Rule 4(c) because a party cannot themselves effectuate service and here, Plaintiff Laurie D. Bisi mailed the documents herself to Defendant. *See Smith v. Tempe Honda*, 2010 WL 11627813, at *3 (D. Ariz. Mar. 31, 2010) (pro se plaintiff's personal delivery of the summons without the complaint rendered service ineffective pursuant to Rule 4(c)(2)). Plaintiffs also appear to have failed to comply with Rule 4(e) regarding the manner of service by mailing the document(s) without any indication of a waiver of service by Defendant. Plaintiffs' pro se status does not excuse their failure to effectuate service. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Pro se litigants are expected to know and comply with the rules of civil procedure. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). Nevertheless, because dismissal on

alternative grounds is recommended and because Plaintiffs are provided with leave to amend their complaint, requiring proper service of this complaint at this time is unnecessary.

### D. Failure to State A Claim

Defendant also seeks dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6). "The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. N. Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form

of factual allegations, or allegations that contradict matters properly subject to judicial notice. *See W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Defendant seeks dismissal for failure to state a claim based on Plaintiffs' failure to assert specific legal claims in the complaint. Def. Mot. at 13. Because Defendant is not certain of the legal theory Plaintiff seeks to pursue, Defendant makes assumptions regarding Plaintiffs' claims in *Bisi II* based on *Bisi* I, the prior action. *Id*. ("However, given the claims asserted in case number 2:23-cv-01994-TLN-KJN, Plaintiffs appear to be alleging state law claims based on breach of contract, fraud, and declaratory relief."). While the Court understands why Defendant made these assumptions, doing so is improper. The Court may not rely on or review a complaint filed in a different lawsuit to determine what claims Plaintiffs are trying to raise in the complaint that is currently before the Court.[5]

Plaintiffs have failed to plead sufficient facts to establish a basis for relief, and the

---

[5] The Court notes that this is different than taking judicial notice in reviewing a motion to dismiss. When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *Ritchie*, 342 F.3d at 908.

complaint also lacks a cognizable legal theory. The operative complaint does not assert any specific causes of action, and instead consists of minimal allegations related to a loan agreement for the purchase of Plaintiffs' car with citations to various legal authority. *See generally* Compl. at 11 ("In lieu of fulfilling its responsibility of loaning money and incurring true liability Defendant(s) accepted said Sale Contract and used the same as a means to create and lend its credit without incumbering, expelling, and/or disbursing equivalent assets of any kind. 'A national bank has no power to lend its credit to any person or corporation,' Bowen v. Needles Nat. Bank, 94 F 925 36 CCA 553; See also: Countrywide Home Loans, Inc. v. Taylor-Mayer, J., Supreme Court, Suffolk County / 9/07) "A bank may not lend its credit to another even though such a transaction turns out to have been of benefit to the bank, and in support of this a list of cases might be cited, which-would look like a catalog of ships.' (Norton Grocery Co. v. Peoples Nat. Bank, 144 SE 505, 151 Va 195).").

Plaintiffs' vague and conclusory allegations are insufficient to establish a cognizable legal theory. *See Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp.*, 550 U.S. at 555, 570; *Balistreri*, 901 F.2d at 699. A court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir.2008) (citation omitted). Furthermore, "it is not…proper, to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated ... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Therefore, the complaint should be dismissed because it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

**E.      Leave to Amend**

Upon dismissal of any claims, the court is to tell a pro se plaintiff of the complaint's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). Leave to amend should be

11

granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105–06.

Here, because it is unclear whether the defects in the complaint can be cured and due to Plaintiffs' pro se status, Plaintiffs should be given leave to amend.

Plaintiffs are warned that a formulaic recitation of the elements of a cause of action does not suffice to state a claim. *See Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp.*, 550 U.S. at 555-57 (2007); Fed. R. Civ. P. 8. To state a claim on which relief may be granted, a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiffs are also reminded not to attach to an amended complaint the affidavits of William McCaffrey and Joseph Esquivel Jr., which have been stricken, or other similar affidavits that do not form the basis for an amended complaint.

If Plaintiffs elect to file an amended complaint, it should be titled "First Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. Local Rule 220. If Plaintiffs do not timely file an amended complaint, this will result in a recommendation that this action be dismissed.

### III.   PLAINTIFFS' MOTION TO SET DATE

Plaintiffs have also filed a motion to set a trial date. (ECF No. 15.) The Court denies this motion as premature given that the pleadings in this case are not yet settled.

### IV.   CONCLUSION

It is HEREBY ORDERED that:

1. Plaintiff's motion to set a date (ECF No. 15) is DENIED; and

      2.      Defendant's motion to strike the affidavits of William McCaffrey and Joseph Esquivel Jr. attached to the Complaint is GRANTED (ECF No. 6); and

It is FURTHER HEREBY RECOMMENDED that:

      1.      Defendant's motion to dismiss (ECF No. 6) be GRANTED; and

      2.      Plaintiff's complaint (ECF No. 1) be DISMISSED without prejudice; and

      3.      Plaintiffs be given thirty (30) days to file an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. *Id.*; *see also* Local Rule 304(b). This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 19, 2024

                                                     CHI SOO KIM
                                                     UNITED STATES MAGISTRATE JUDGE

4, bisi2508.23