UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY J. BISI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE AUTO J.P. MORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 2:23-CV-02508-TLN-CSK PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE<br><br>(ECF No. 28) |

On July 19, 2024, the undersigned issued Findings and Recommendations granting Defendant's motion to dismiss Plaintiffs Gregory J. Bisi and Laurie D. Bisi's complaint without prejudice.[1] 7/19/2024 Order (ECF No. 20). Plaintiffs filed objections to the findings of recommendations on August 6, 2024. (ECF No. 21.) On September 17, 2024, the District Judge adopted the Findings and Recommendations in full, granting the motion to dismiss with leave to amend and directing Plaintiffs to file an amended complaint within thirty (30) days of the date of the order. (ECF No. 25.) Plaintiffs were cautioned that failure to timely comply with the order would result in a recommendation that this action be dismissed. 7/19/2024 Order at 12. The applicable deadline passed,

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

and the Court's records show that Plaintiffs failed to file either an amended complaint or a notice of voluntary dismissal. Accordingly, on November 1, 2024, the Court ordered Plaintiffs to file an amended complaint within fourteen days (14). 11/1/2024 Order (ECF No. 28). This order was served on Plaintiffs on November 4, 2024. The applicable deadline has passed, and the Court's records again show that Plaintiffs failed to file either an amended complaint or a notice of voluntary dismissal.

I.      **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This Court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendant(s);
> (4) the public policy favoring disposition of cases on their merits; and
> (5) the availability of less drastic alternatives.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

/ / /

/ / /

## II. DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiffs have failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. The third factor also favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare their defense. With the passage of time, memories fade and evidence becomes stale.

As to the fifth factor, the Court has already tried less drastic alternatives. Specifically, Plaintiffs were given thirty (30) days to file an amended complaint after their original complaint was dismissed. (*See* ECF No. 25.) When Plaintiffs did not file an amended complaint within the timeframe, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute, and ordered Plaintiffs to file an amended complaint within fourteen (14) days. 11/1/2024 Order. The Court warned Plaintiffs that failure to file an amended complaint would result in a recommendation that the action be dismissed. *Id.* at 2.

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiffs' own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

## **RECOMMENDATIONS**

Based upon the findings above, the Court RECOMMENDS:

1. Plaintiffs' claims be DISMISSED pursuant to Federal Rule of Civil Procedure

41(b); and

2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 26, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, bisi.2508.23